IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN T. CADY           *
6707 Burch Hill Drive       *
Brandywine, Maryland 20813   *
    Plaintiff         *
                  *
  v.               *
                  *
RIDE-AWAY HANDICAP EQUIPMENT   *
    CORPORATION       *
54 Wentworth Avenue       *
Londonderry, New Hampshire 03253   *
    Defendant       *     Case No.
    Serve On:         *
      National Registered Agents, Inc of MD *
      Second Floor       *
      836 Park Avenue     *
      Baltimore, Maryland 21201   *
                  *
ELECTRONIC MOBILITY CONTROLS, LLC*
26 Gabriel Drive         *
Augusta, Maine 04330       *
    Defendant       *
Serve On:           *
    James M. Laliberty     *
    One Center Street     *
    Waterville, Maine 04901   *
                  *

**COMPLAINT**

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

COMES NOW, the Plaintiff, John T. Cady, by and through his attorneys, Christopher R.

Dunn and DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, and John P. Valente, III, and the

Law Office of Thomas V. Mike Miller, Jr., P.A., and hereby bring this cause of action against

Defendants, Ride-Away Handicap Equipment Corporation (hereinafter "Ride-Away") and Electronic

1

Mobility Controls, LLC (hereinafter "EMC"), (hereinafter collectively "Defendants") and alleges as follows:

1.     Plaintiff John T. Cady (hereinafter "Plaintiff" or "Cady") is a resident of Prince George's County, Maryland.

2.     Defendant Ride-Away is a New Hampshire corporation with its principal place of business in Londonderry, New Hampshire.  Defendant Ride-Away sold the vehicle involved in the subject incident to Plaintiff, who is a Maryland resident.   In addition, Defendant Ride-Away performed maintenance on the vehicle involved in the subject incident in Maryland.

3.     Defendant Electronic Mobility Controls, LLC is a Maine Limited Liability Company with its principal place of business in Maine.  Defendant Electronic Mobility Controls, LLC made the electronic controls in the van sold to the Maryland resident.

4.     The Defendant Electronic Mobility Controls, LLC was in the business of designing, manufacturing, inspecting, testing and marketing the product at all relevant times.  The defendant manufactured the product which caused Plaintiff's injuries.

5.     The Defendant Ride-Away at all relevant times, was in the business of retailing product lines of the product at issue and retailed the product at issue.  The product at issue entered the stream of commerce on April 24, 2008.

6.     On or about April 24, 2008, the Plaintiff's son, John H. Cady, as the primary purchaser, and Plaintiff John T. Cady, as co-purchaser, entered into a contract with Ride-Away for the purchase of a 2007 Buick Terraza conversion van (hereinafter "Van").

7.     The Van was purchased for Plaintiff's disabled son, John H. Cady to drive.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

———

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

———

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

8.      In order for Plaintiff's son to be able to drive the vehicle, a system designed by Defendant EMC was installed on the Van by Defendant Ride-Away.  The system was called the AEVIT (Advanced Electronic Vehicle Interface Technology) WL Series (hereinafter "the Product").

9.      The Product digitally controlled the gas, brake, and steering on the Van.

10.     Defendant Ride-Away installed the Product into the Van which Defendant Ride-Away sold to Plaintiff.

11.     The Product at issue when received by the Plaintiff was in substantially the same condition as when it left the hands of the Defendant manufacturer, EMC.

12.     Defendant Ride-Away was authorized by Defendant EMC to install and maintain the Product.

13.     On January 7, 2010, Plaintiff was driving the Van on Steer Road and using the Product for the purposes which it was intended.

14.     On January 7, 2010, while the Plaintiff was driving the Van, the Product became unresponsive causing Plaintiff to be involved in a one-car collision.

15.     The Plaintiff, at all relevant times, was using the product for its foreseeable purposes and exercised reasonable care for his own safety.

16.     As a direct and proximate result of the foregoing breaches, the plaintiff sustained severe injuries, including but not limited to:

a.  Broken ribs

b.  Shattered hip

c.  Lacerations to the head

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

    d.  Lacerations to the right leg

    e.  Lacerations to the knee

    f.  Surgery to repair the hip joint

    g.  Reaction to medications prescribed

    h.  Permanent limp

    i.  Continued pain and suffering

    j.  Substantial medical bills

    k.  Potential future surgeries

17.    The Defendants had a duty to refrain from placing in the stream of commerce products which were in a defective condition and unreasonably dangerous to purchasers and to foreseeable users of the products. This duty was owed to Plaintiff as a foreseeable user/purchaser.

18.    The Defendants breached the duty owed to Plaintiff by placing the Product into the stream of commerce. The Product was in a defective condition unreasonably dangerous to the Plaintiff, a foreseeable user/purchaser.

19.    The Defendants owed Plaintiff a duty to use due care in the design, production, inspection, testing and marketing of the Product so as to refrain from exposing purchasers or foreseeable users to an unreasonable risk of harm. Plaintiff was a purchaser/foreseeable user.

20.    The Defendants' Product was defective and unreasonably dangerous in that the Product became unresponsive and caused the Van to be uncontrollable during normal operation.

21.    No material changes or alterations were made to the Product by Plaintiff or any other person or entity prior to the date of the occurrence.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

4

## COUNT I: STRICT PRODUCT LIABILITY

22.     Plaintiff adopts by reference all facts contained in paragraphs 1 through 21 as if fully set forth herein.

23.     The Defendants placed into the stream of commerce the Product.

24.     The Product was in a defective condition at the time it left the possession and/or control of EMC.

25.     The Product was in a defective condition at the time it left the possession and/or control of Ride-Away.

26.     The Product was unreasonably dangerous, as it caused the Van to be uncontrollable.

27.     The defect, namely the uncontrollable nature of the Product, caused personal injuries to occur to Plaintiff.

28.     The Product was expected to and did reach the user without substantial change in its condition.

29.     The Plaintiff was a foreseeable user of the product.

30.     The Plaintiff used the product in a reasonably foreseeable manner.

31.     The Defendants had actual knowledge of the defect prior to the sale of the product.

32.     The Defendants deliberately disregarded the consequences by placing the product into the stream of commerce.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Ride-Away Handicap Equipment Corporation, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Electronic Mobility Controls, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff John T. Cady demands judgment against Defendant Ride-Away Handicap Equipment Corporation in the sum of Five Million Dollars ($5,000,000.00) for punitive damages plus attorney's fees, interest and costs of this action.

WHEREFORE, Plaintiff John T. Cady demands judgment against Defendant Electronic Mobility Controls, LLC in the sum of Five Million Dollars ($5,000,000.00) for punitive damages plus attorney's fees, interest and costs of this action.

## COUNT II: NEGLIGENT DESIGN, MANUFACTURE

## AND INSTALLATION

33.     Plaintiff adopts by reference all facts contained in paragraphs 1 through 32 as if fully set forth herein.

34.     The Defendants were under a duty to design, manufacture and install the Product in a way that would protect foreseeable users, such as Plaintiff, from injury.

35.     The design, manufacture and/or installation of the Product caused the Product to be uncontrollable and the Van to crash.

36.     Defendants breached their duty to design, manufacture and/or install a safe system.

37.     Plaintiff suffered actual injuries and damages due to Defendants' breach.

38.     The injuries and damages proximately resulted from the Defendants' breach of that duty.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Ride-Away Handicap Equipment Corporation, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Electronic Mobility Controls, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

## COUNT III: NEGLIGENT FAILURE TO WARN

39.     Plaintiff adopts by reference all facts contained in paragraphs 1 through 38 as if fully set forth herein.

40.     The Defendants were under a duty to warn Plaintiff that the Product could not be made safe for its reasonably foreseeable use.

41.     The Defendants were aware that the Product could not be made safe for its reasonably foreseeable use.

42.     The danger in the Product was not obvious to Plaintiff, a user of the system.

43.     The danger in the Product would not become obvious to any user through use of reasonable care.

44.     A warning regarding the danger of the Product could have prevented the accident involving Plaintiff.

45.     Defendants breached their duty to warn Plaintiff of the danger of the Product.

46.     Plaintiff suffered actual injuries and damages due to Defendant's breach.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

47.     The injuries and damages proximately resulted from the Defendants' breach of that duty.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Ride-Away Handicap Equipment Corporation, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Electronic Mobility Controls, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

## COUNT IV: BREACH OF EXPRESS WARRANTY

48.     Plaintiffs adopt by reference all facts contained in paragraphs 1 through 47 as if fully set forth herein.

49.     That in the course of bargaining for the sale of the vehicle and the Product to Plaintiff, Defendants made certain promises and/or affirmations, including, but not limited to, a fully operational system.

50.     That Plaintiff relied upon all promises and/or affirmations made by the Defendants in entering into the contract for sale of the vehicle.

51.     That Plaintiff and Defendants formed a valid contract for the sale of the vehicle on or about April 24, 2008.

52.     That Defendants breached its promises and/or affirmation, when the vehicle ceased to be operational on January 7, 2010.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

———

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

———

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

53.     That, as a direct and proximate result of Defendants' breach, Plaintiff has suffered injuries and damages.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Ride-Away Handicap Equipment Corporation, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Electronic Mobility Controls, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff John T. Cady demands judgment against Defendant Ride-Away Handicap Equipment Corporation in the sum of Five Million Dollars ($5,000,000.00) for punitive damages plus attorney's fees, interest and costs of this action.

WHEREFORE, Plaintiff John T. Cady demands judgment against Defendant Electronic Mobility Controls, LLC in the sum of Five Million Dollars ($5,000,000.00) for punitive damages plus attorney's fees, interest and costs of this action.

## COUNT V: BREACH OF IMPLIED WARRANTY
## OF MERCHANTABILITY

54.     Plaintiff adopts by reference all facts contained in paragraphs 1 through 53 as if fully set forth herein.

55.     That Defendant Ride-Away is a merchant engaged in the business of selling the Product as a dealer.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

56.     That Defendant EMC is a merchant engaged in manufacturing and selling the Product.

57.     That Plaintiff and Defendant, Ride-Away formed a valid contract for the sale of the Van and the Product on April 24, 2008.

58.     That the Product sold to Plaintiff was manufactured by EMC and sold to Ride-Away.

59.     That by selling Plaintiff the Van and the Product, Defendants impliedly warranted that the Product and the Van would be merchantable in that, including, but not limited to, the vehicle would be fit for its ordinary purpose of transportation.

60.     That Defendant Ride-Away breached its implied warranty that the vehicle would be merchantable on or about January 7, 2010, when the Product ceased to be operational.

61.     That, as a direct and proximate result of Defendant's breach, Plaintiffs have suffered injuries and damages.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Ride-Away Handicap Equipment Corporation, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Electronic Mobility Controls, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff John T. Cady demands judgment against Defendant Ride-Away Handicap Equipment Corporation in the sum of Five Million Dollars ($5,000,000.00) for punitive damages plus attorney's fees, interest and costs of this action.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

10

WHEREFORE, Plaintiff John T. Cady demands judgment against Defendant Electronic Mobility Controls, LLC in the sum of Five Million Dollars ($5,000,000.00) for punitive damages plus attorney's fees, interest and costs of this action.

## COUNT VI: BREACH OF IMPLIED WARRANTY OF
## FITNESS FOR PARTICULAR USE

62.     Plaintiffs adopt by reference all facts contained in paragraphs 1 through 61 as if fully set forth herein.

63.     That Defendants, by and through its employees and/or agents, were aware at the time of contracting that the Van and the Product would be used by John H. Cady as a mode of transportation, as he was disabled.

64.     That Plaintiffs relied upon Defendants' skill and/or judgment to select a suitable Van and Product to meet Plaintiff's particular needs with regard to transportation.

65.     That by selling Plaintiff the Van and the Product, Defendants impliedly warranted that said vehicle would be suitable for Plaintiff's particular needs with regard to transportation.

66.     That Defendant breached its implied warranty that the vehicle would be fit for Plaintiff's particular use on or about January 7, 2010, when the vehicle ceased to be operational.

67.     That, as a direct and proximate result of Defendant's breach, Plaintiffs have suffered injuries and damages.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Ride-Away Handicap Equipment Corporation, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

11

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Electronic Mobility Controls, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff John T. Cady demands judgment against Defendant Ride-Away Handicap Equipment Corporation in the sum of Five Million Dollars ($5,000,000.00) for punitive damages plus attorney's fees, interest and costs of this action.

WHEREFORE, Plaintiff John T. Cady demands judgment against Defendant Electronic Mobility Controls, LLC in the sum of Five Million Dollars ($5,000,000.00) for punitive damages plus attorney's fees, interest and costs of this action.

### COUNT VII: BREACH OF CONTRACT

68.     Plaintiff adopts by reference all facts contained in paragraphs 1 through 67 as if fully set forth herein.

69.     On January 2, 2010, Defendant Ride-Away agreed to provide maintenance to the Van and the Product, including issues with overheating and issues with the wheelchair ramp.

70.     Defendant Ride-Away kept the Van at their site for five days and returned the van to Plaintiff's son, John H. Cady on January 7, 2010.

71.     That Plaintiff and Defendant formed a valid contract for repair services to the Van on January 2, 2010.

72.     That Plaintiff performed all obligations under the terms of said service contract.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

———

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

———

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

73.    That Defendant has breached said service contract by returning the Van in a dangerous and inoperable condition, and/or otherwise failing to perform any of its obligations under the terms of the contract.

74.    That, as a direct and proximate result of Defendant Ride-Away's breach, Plaintiff has suffered injuries and damages.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Ride-Away Handicap Equipment Corporation, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Electronic Mobility Controls, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

## COUNT VIII: FRAUD

75.    Plaintiff adopts by reference all facts contained in paragraphs 1 through 74 as if fully set forth herein.

76.    That Defendants, throughout the course of negotiations, at the time of final sale of the Van and the Product, has made and continues to make false representations of material facts to the Plaintiff.

77.    Defendants were aware of prior malfunctions of the Product that caused the Product to be uncontrollable and vehicles to lose control.

78.    Despite this knowledge, the Defendants knowingly did not change the design, manufacture, installation or maintenance for the Product.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

79.     Despite this knowledge, the Defendants knowingly did not warn the Plaintiff of the potential problems and continued to represent that the Product was safe for drivers to use.

80.     That Defendants made said false representations with knowledge of their falsity and/or a reckless indifference to the truth.

81.     That Defendants intended to deceive and/or defraud Plaintiff by making said false representations, including, but not limited to, alleging that nothing was wrong with the Product.

82.     That Plaintiff took justifiable action in reliance on the false representations made by Defendants.

83.     That, as a direct and proximate result of Plaintiff's reliance upon Defendants' false representations of material facts, Plaintiff has suffered harm.

84.     That Defendants should be punished for their willful, wanton, and/or malicious conduct.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Ride-Away Handicap Equipment Corporation, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Electronic Mobility Controls, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff John T. Cady demands judgment against Defendant Ride-Away Handicap Equipment Corporation in the sum of Five Million Dollars ($5,000,000.00) for punitive damages plus attorney's fees, interest and costs of this action.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

————

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

————

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

14

WHEREFORE, Plaintiff John T. Cady demands judgment against Defendant Electronic Mobility Controls, LLC in the sum of Five Million Dollars ($5,000,000.00) for punitive damages plus attorney's fees, interest and costs of this action.

## COUNT IX: FRAUDULENT CONCEALMENT

85.     Plaintiff adopts by reference all facts contained in paragraphs 1 through 84 as if fully set forth herein.

86.     That Defendants, throughout the course of negotiations, at the time of final sale of the Van and the Product, knew that Plaintiff and Plaintiff's son required an operational Van and an operational Product to control said Van.

87.     That Defendants had direct knowledge of prior malfunctions of the Product that would require the van to be non-operational.

88.     Despite this knowledge, the Defendants did not inform Plaintiff nor Plaintiff's son that the Product would become non-operational and cause the Van to become uncontrollable.

89.     That Defendants were aware that this was a material fact to Plaintiff.

90.     That Defendants concealed that information with intent to create or continue a false impression of Plaintiff and his son.

91.     That Plaintiff took justifiable action in reliance of the belief that the Product would remain operational.

92.     That, as a direct and proximate result of Plaintiff's reliance upon Defendants' intentional omissions of material facts, Plaintiff has suffered harm.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

15

93.     That Defendants should be punished for their willful, wanton, and/or malicious conduct.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Ride-Away Handicap Equipment Corporation, for the sum of Four Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Electronic Mobility Controls, for the sum of Four Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff John T. Cady demands judgment against Defendant Ride-Away Handicap Equipment Corporation in the sum of Five Million Dollars ($5,000,000.00) for punitive damages plus attorney's fees, interest and costs of this action.

WHEREFORE, Plaintiff John T. Cady demands judgment against Defendant Electronic Mobility Controls, LLC in the sum of Five Million Dollars ($5,000,000.00) for punitive damages plus attorney's fees, interest and costs of this action.

## COUNT X: NEGLIGENT MISREPRESENTATION

94.     Plaintiff adopts by reference all facts contained in paragraphs 1 through 93 as if fully set forth herein.

95.     Defendants owed a duty of care to the Plaintiff to manufacture and sell a safe product.

96.     That Defendants negligently asserted to Plaintiff that the Product was safe.

97.     That Defendants intended that this assertion would be acted upon by the Plaintiff and would cause the Plaintiff to purchase the Van and the Product.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

98.     That the Defendant had knowledge that Plaintiff would probably rely on this statement, which if erroneous will cause loss or injury.

99.     That Plaintiff, justifiably, relied on Defendant's statements and purchased the Van and the Product.

100.    That Plaintiff justifiably relied on Defendants' statements and was operating the Van using the Product on January 7, 2010, when the Product malfunctioned and caused the Van to become inoperable.

101.    That the Plaintiff has suffered and continues to suffer damages proximately caused by the Defendants' negligence.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Ride-Away Handicap Equipment Corporation, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

WHEREFORE, Plaintiff, John T. Cady demands judgment against the Defendant, Electronic Mobility Controls, for the sum of Five Million Dollars ($5,000,000.00) for compensatory damages plus interest and costs of this action.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

Respectfully submitted,

Christopher R. Dunn, #05278
DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP
17251 Melford Boulevard, Suite 200
Bowie, Maryland 20715
(301)352-4950
Fax - (301)352-8691
Counsel for Plaintiff

John P. Valente, III
THOMAS V. MIKE MILLER, JR., P.A.
2960 Fenwick Lane
Dunkirk, Maryland 20754
(301)855-3100
Fax - (301)855-8251
Counsel for Plaintiff

## JURY REQUEST

The Defendant hereby requests trial by jury on all issues raised herein.

_____          _____
Christopher R. Dunn, #05278                      John P. Valente, III

I:\Common\WP\L1\CRD\Cady v. EMC and Rideaway\Pleadings\Complaint.wpd

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

———

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

———

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548