IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **JOHN T. CADY,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No.: RWT 12cv2667 |
| | * | |
| | * | |
| **RIDE-AWAY HANDICAP EQUIPMENT** | * | |
| **CORPORATION**, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM OPINION AND ORDER

On February 11, 2014, Defendant Ride-Away Handicap Equipment Corporation ("Ride-Away") filed a Motion for Leave to File a Third-Party Complaint. ECF No. 36. The Plaintiff John T. Cady ("John T.") responded in Opposition on February 27, 2014, ECF No. 37, and Ride-Away filed a Reply on March 14, 2014, ECF No. 38. For the reasons stated below, Ride-Away's motion will be granted.

On September 28, 2012, John T. filed an Amended Complaint[1] in this Court against Defendants Ride-Away and Electronic Mobility Controls, LLC ("Electronic Mobility"). Am. Compl., ECF No. 4. John T. alleges that he and his disabled son, John H. Cady ("John H.") purchased a 2007 Buick Terraza conversion van from Ride-Away in April 2008 for John H. to drive. Am. Compl. ¶¶ 6-7. The vehicle used a system designed by Electronic Mobility called Advanced Electronic Vehicle Interface Technology WL Series ("AEVIT") to allow John H. to drive the vehicle and control the "gas, brake, and steering on the Van." Am. Compl. ¶¶ 8-9. According to John T., he was driving the van on January 7, 2010 and using the AEVIT system

---

[1] For the purposes of this motion, all the facts alleged in the Amended Complaint are presumed to be true.

"for the purposes which it was intended" when the system "became unresponsive[,] causing [John T.] to be involved in a one-car collision." Am. Compl. ¶¶ 13-14. John T. suffered injuries from the accident, Am. Compl. ¶ 16, and now seeks to recover damages from the Defendants through a number of causes of action.[2]

Electronic Mobility filed an Answer to the Amended Complaint on October 4, 2012, ECF No. 6, and Ride-Away filed its Answer on November 9, 2012, ECF No. 14. An initial Scheduling Order was issued November 21, 2012, ECF No. 15, and a modified Scheduling Order was approved November 30, 2012, ECF No. 23. This modified Scheduling Order established a February 7, 2013 deadline for "joinder of additional parties and amendment of pleadings." ECF No. 23.

On February 11, 2014, Ride-Away filed a Motion for Leave to File a Third-Party Complaint under Federal Rule of Civil Procedure 14 against John H., alleging that he had signed an agreement to indemnify Ride-Away "to the fullest extent permitted by law, from and against any claim, suit, action or proceeding asserted by any person or entity, including the customer, against Ride-Away for any injuries, damages, costs or expenses, including attorneys' fees, arising out of the use of the vehicle or its equipment by any person." ECF No. 36-4 at 5. Ride-Away's proposed Third Party Complaint asserts two causes of action against John H.—for indemnity pursuant to the indemnification agreement he allegedly signed, and for contribution for negligent entrustment because John H. allegedly allowed his father, John T. to drive the van "despite being told by Ride-Away to not operate the Vehicle," despite John H.'s knowledge that

---

[2] The Amended Complaint includes ten counts: Count I: Strict Product Liability, Count II: Negligent Design, Manufacture and Installation, Count III: Negligent Failure to Warn, Count IV: Breach of Express Warranty, Count V: Breach of Implied Warranty of Merchantability, Count VI: Breach of Implied Warranty of Fitness for Particular Use, Count VII: Breach of Contract, Count VIII: Fraud, Count IX: Fraudulent Concealment, and Count X: Negligent Misrepresentation. Am. Compl.

John T. "was under the influence of alcohol" at the time, and despite John H.'s knowledge that John T. "was not permitted, authorized or trained to operate" the van. ECF No. 36-3.

Before Ride-Away files a third party complaint, leave of this Court is required under Rule 14(a), as more than 14 days have passed since Ride-Away served its original answer. ECF No. 36-1 at 3, *see* Fed. R. Civ. P. 14(a). Ride-Away argues that the Court should invoke a more liberal standard under Rule 14 when determining whether leave should be granted, *see* ECF No. 38 at 2-10, while John T. asserts that a more stringent "excusable neglect" standard under Federal Rule of Civil Procedure 6(b)(1)(B) should apply because the "deadline to join additional parties expired on February 7, 2013." ECF No. 37 at 3-4.

Federal Rule of Civil Procedure 14 permits a defendant to implead "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "A defendant may freely serve a summons and complaint on a third-party within fourteen (14) days after serving the original answer." *JFJ Toys, Inc. v. Toys "R" Us-Delaware, Inc.*, CIV.A. DKC 13-793, 2014 WL 1255859, *2 (D. Md. Mar. 25, 2014). However, if the defendant "files the third-party complaint more than 14 days after serving its original answer," it "must, by motion, obtain the court's leave." Fed. R. Civ. P. 14(a)(1). Rule 14 "requires that the third party's liability be secondary or derivative to the defendant's liability to the original plaintiff," and as the Chief Judge of this Court recently explained, "such derivative liability usually arises in cases involving indemnification, joint tortfeasors, or contribution." *JFJ Toys, Inc.*, 2014 WL 1255859 at *3.

"Rule 14 is 'liberally construed' to permit impleader in the interest of judicial economy, but joinder of third-parties is not automatic," and district courts enjoy "broad discretion to deny or dismiss third-party complaints." *Brethren Mut. Ins. Co. v. Sears, Roebuck & Co.*,

CIV. WDQ-12-0753, 2014 WL 3428931, *5 (D. Md. July 10, 2014)(internal citations omitted);

*see also Noland Co. v. Graver Tank & Mfg. Co.*, 301 F.2d 43, 50 n.10 (4th Cir. 1962). In

particular, "[i]mpleader [under Rule 14] will be liberally allowed, if it will prevent duplication of

suits based on closely related matters." *Certain Underwriters at Lloyd's, London v. R.J.*

*Wilson & Associates, Ltd.*, CIV. CCB-11-1809, 2012 WL 2945489, *3 (D. Md. July 17, 2012)

(internal citations and quotation marks omitted). However, "[i]mpleader should be denied if

joining the third-party would unduly complicate the original suit, introduce unrelated issues, or if

the third-party complaint is obviously unmeritorious." *Haak Motors, LLC v. Arangio*,

CIV. WDQ-09-1887, 2010 WL 4117034, *2 (D. Md. Oct. 19, 2010). Other factors to consider

include "whether the third-party plaintiff unduly delayed in presenting the motion for leave to the

court and whether allowing the amendment would unduly prejudice the non-movant." *United*

*States v. Savoy Senior Hous. Corp.*, CIV.A. 6:06CV031, 2008 WL 631161, *1 (W.D. Va. Mar. 6,

2008).

By contrast, Federal Rule of Civil Procedure 6(b)(1) permits a party to move for an

extension of time "[w]hen an act may or must be done within a specified time." If a party moves

for an extension after a deadline has passed, "the court may, for good cause, extend the time . . .

if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The Fourth

Circuit recently explained that

> Whether neglect is 'excusable' has been described by the Supreme Court as 'at
> bottom an equitable [inquiry], taking account of all relevant circumstances,"
> including the following: (1) the danger of prejudice to the non-movant; (2) the
> length of the delay and its potential impact on judicial proceedings; (3) the reason
> for the delay, including whether it was in the reasonable control of the movant;
> and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v.*
> *Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d
> 74 (1993).

*Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013) (further noting that the Fourth

Circuit has "stressed that the third *Pioneer* factor—the reason for the delay—is the 'most

important'").

John T. argues that the standard under Rule 6(b)(1) controls this Court's analysis of

whether to accept Ride-Away's late Motion for Leave to File a Third-Party Complaint. However,

he fails to cite any cases analyzing Rule 6(b)(1) in the context of a motion for leave to file a

third-party complaint under Rule 14. Ride-Away argues that Rule 14 applies instead of Rule 6

because Rule 14(a)(1)'s provision to allow for a late filing of a third-party complaint is a specific

provision "which should take precedence over the" more general provisions of Rule 6(b)(1).

ECF No. 38 at 3. Although there does not appear to be much precedent on this point, Ride-Away

highlights a number of district court cases that examined under Rule 14 motions for leave to file

a third-party complaint that were filed after a scheduling order deadline had expired. *See Xquisite*

*Transp., LLC v. Travelers Indem. Co.*, CIV. WDQ-08-2905, 2009 WL 3246960 (D. Md. Oct. 2,

2009); *Christian v. Bank of N.Y. Trust Co., N.A.*, CIV.A.3:09-0770, 2010 WL 2465478 (S.D.W.

Va. June 14, 2010). In addition, "a delay of many months may be permitted when the court finds

that allowing impleader will not result in undue prejudice to the parties or when it is outweighed

by other factors indicating that impleader is desirable." 6 Charles Alan Wright, Arthur R.

Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1454 (3d ed. 2010). "Consideration

is given to avoiding circuity of litigation and duplication of effort, as well as promoting the

expeditious operation of the court." *Id.*

This Court will accordingly grant Ride-Away's motion under Rule 14 in the interests of

judicial economy. As Ride-Away points out, it would be inefficient to require Ride-Away to file

a separate action against John H. for indemnification and contribution when these issues are

related to John T.'s case and "can be resolved in a single action." ECF No. 38 at 6. The issues and evidence related to John H.'s alleged negligent entrustment of the van to John T. and his alleged indemnification of Ride-Away are closely related to the issues and evidence of the original action. Ride-Away asserts that "John H. will be a key witness in both the main and third-party actions," and that Ride-Away's "defense of negligent entrustment and John H.'s negligent failure to warn his father will be the subject of both [Ride-Away's] defense strategy in the main action, and its prima facie case in the third-party contribution claim."[3] ECF No. 38 at 9. Although John H.'s alleged contractual indemnification of Ride-Away would present new evidence, this issue is not likely to require much discovery, and it presents a traditional theory of impleading a third-party defendant for derivative liability. *See JFJ Toys, Inc.*, 2014 WL 1255859 at *3. The issues presented in Ride-Away's proposed Third-Party Complaint are not complex, and they will not unduly complicate the original action before this Court.

Ride-Away filed its Answer on November 9, 2012, and the November 30, 2012 Scheduling Order set a deadline of February 7, 2013 to join new parties. Ride-Away's motion filed over a year later on February 11, 2014 is significantly late. Ride-Away states that through its "investigations, it was discovered that an indemnification agreement was signed with what appeared to be Cady Jr's signature," Terri S. Reiskin Decl. ¶ 4, ECF No. 36-2 at 2; ECF No. 36-1 at 2, and that "it was only at [John T.'s] January 8, 2014 deposition that [Ride-Away] received confirmation that John H. had signed the indemnity agreement," ECF No. 38 at 6. Despite the late filing, Ride-Away's proposed Third-Party Complaint would not "unduly prejudice" John T. given the overlap of issues and evidence between the original and the third-party actions. Nevertheless, the Court believes that some additional discovery may be required.

---

[3] Ride-Away notes that in the original action, Ride-Away's "defense will be that the only proximate cause of the accident was John H.'s permitting plaintiff, an unqualified and uncertified driver to operate the vehicle, despite [Ride-Away's] specific instructions *not* to operate the vehicle any further." ECF No. 38 at 10.

John T. argues that Ride-Away's contractual indemnification allegation is unmeritorious, and thus the Motion for Leave to File a Third-Party Complaint should be denied. John T. asserts that an indemnification agreement must use language that is "'clear and specifically indicates the intent' of the parties" in order for an indemnification agreement to indemnify a party for his own negligence. ECF No. 37 at 10 (quoting *Adloo v. H.T. Brown Real Estate, Inc.*, 686 A.2d 298, 304 (Md. 1996)). He further posits that under objective principles of contract interpretation, "[i]f the language is unclear and ambiguous, then the intention of the parties must be resolved by either: (1) the introduction of relevant parol[] evidence, or (2) strictly construing the indemnification provision against the drafter." ECF No. 37 at 11 (citing *Dialist Co. v. Pulford*, 399 A.2d 1374, 1378-79 (Md. Ct. Spec. App. 1979)).

Thus, by John T.'s own authority, if the Court were to find the indemnification agreement to be ambiguous, it could consider relevant parol evidence in interpreting the contract. This suggests that it would be premature for the Court to construe the contractual provision at issue at this time. Ride-Away also asserts that "even if the clause lacked the necessary specificity . . . to permit indemnification by John H. for [Ride-Away's] own negligence, it would permit indemnification for John H.'s or his father's alleged negligence, which is precisely what is alleged in the third-party complaint." ECF No. 38 at 16-17. Accordingly, the Court declines to find that the allegations in Ride-Away's Third Party Complaint are "obviously unmeritorious," *Xquisite Transp., LLC*, 2009 WL 3246960 at *3, and Ride-Away's Motion for Leave to File a Third-Party Complaint will be granted.

Accordingly, it is this 4th day of September, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that Ride-Away Handicap Equipment Corporation's Motion for Leave to File a Third-Party Complaint [ECF No. 36] **IS GRANTED**; and it is further

**ORDERED**, that the Third-Party Complaint in ECF No. 36-3 **is deemed active**; and it is further

**ORDERED**, that following service of the Third-Party Complaint, the parties are directed to submit on or before October 17, 2014, a proposed amendment to the Scheduling Order to permit any additional discovery that may be required.

      /s/                  
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
